IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **CHRISTIAN SAMOL FIGUEROA,** | § | |
| Petitioner, | § | |
| | § | |
| V. | § | A-12-CA-379-SS |
| | § | |
| **RICK THALER,** | § | |
| Director, Texas Dept. of Criminal Justice- | § | |
| Correctional Institutions | § | |
| Division, | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1) and Respondent's Answer (Document 11). Petitioner, proceeding pro se, has paid the full filing fee for his application.  For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

## I.  STATEMENT OF THE CASE

**A.     Petitioner's Criminal History**

According to Respondent, the Director has custody of Petitioner pursuant to a judgment and sentence of the 277th Judicial District Court of Williamson County, Texas, in cause number 05-284-K277.  Petitioner pleaded not guilty to aggravated assault, unlawful possession of a firearm by a felon, tampering with physical evidence, and evading arrest in a motor vehicle.  Petitioner was found guilty on all counts and on October 6, 2005, he was sentenced to fifty, twenty-five, twenty-five, and fifty years, respectively.  Petitioner's sentences were ordered to run concurrently.

Petitioner's appellate counsel filed an Anders[1] brief, and Petitioner's conviction was affirmed by the Third Court of Appeals of Texas on January 5, 2007.  Figueroa v. State, No. 03-05-00714-CR, 2007 WL 27404 (Tex. App. – Austin, no pet.). Petitioner also challenged his conviction in a state application for habeas corpus relief.  Petitioner filed his application on November 15, 2010.  Ex parte Figueroa, Appl. No. 75,898-01 at 4.  The Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing on June 15, 2011.  Id. at cover.

**B.     Petitioner's Grounds for Relief**

Petitioner argues he was not given the opportunity to appeal his criminal conviction on direct appeal.  Petitioner explains he was in federal prison during his appeal, and he was unable to research Texas law. Petitioner requests leave to file an out-of-time appeal.

---

[1] Anders v. California, 386 U.S. 738 (1967).

Respondent argues Petitioner's claims do not entitle him to relief, because Petitioner is only seeking an out-of-time appeal, relief the federal court is unable to grant. Alternatively, Respondent argues Petitioner's claims are time-barred and have not been exhausted in state court.

## II.   DISCUSSION AND ANALYSIS

A.   **Statute of Limitations**

To the extent Petitioner's application can be construed as raising claims for federal habeas corpus relief, it is time-barred. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. See 28 U.S.C. § 2244(d). That section provides, in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final, at the latest, on February 4, 2007, at the conclusion of time during which he could have filed a petition for discretionary review with the Texas Court of Criminal Appeals, which according to Tex. R. App. R. 68.2, is 30 days following the court of appeals' judgment affirming his conviction. Gonzalez v. Thaler, 623 F.3d 222 (5th Cir. 2010)

3

(holding a conviction becomes final when the time for seeking further direct review in the state court expires). Therefore, Petitioner had until February 4, 2008, to timely file his federal application. Petitioner executed his application on September 29, 2011, more than three years after the expiration of the limitations period. Petitioner's state application for habeas corpus relief filed on November 15, 2010, did not operate to toll the limitations period, because it was also filed after the limitations period had already expired. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

Although Petitioner claims he was unable to research Texas law while he was in federal custody, he admits he was transferred to state custody on July 27, 2007. Even if the limitations period was tolled until Petitioner was transferred to state custody, his federal application would still be time-barred.

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. Accordingly, Petitioner's application should be dismissed with prejudice as time-barred.

### III.  RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed with prejudice as time-barred.

### IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C.

§ 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## V.  OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are

being made.  The District Court need not consider frivolous, conclusive, or general objections.  Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 4th day of May, 2012.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE